IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

JAMES T. McCORMICK,

Defendant.

Criminal No. 07-935 (JBS)

[Appeal No. 08-4441]

MEMORANDUM OPINION

SIMANDLE, District Judge:

James T. McCormick was convicted after a jury trial on six counts related to his receipt of money in exchange for official action as a member of the Pleasantville, New Jersey, Board of Education.  He was sentenced on October 24, 2008 and sentenced to imprisonment for 42 months, together with a term of three years of supervised release, on each of Counts One through Six concurrently. [See Docket Item 60.]

Mr. McCormick, through his retained counsel, timely filed a notice of appeal on October 31, 2008 [see Docket Item 61] and the matter is pending before the United States Court of Appeals for the Third Circuit at Appeal No. 08-4441.

The defendant's reporting date to prison was originally December 12, 2008, which was temporarily enlarged to January 20, 2009, due to some medical issues, upon application of defense counsel.

Today, Mr. McCormick, purporting to act pro se, has filed with the Clerk of Court the present motion, entitled "Notice of Motion on Short Notice for an Order Staying the Execution of Sentence Pending Appeal."  Because Mr. McCormick's reporting date is the next business day, January 20, 2009, the Court has considered Mr. McCormick's papers on an expedited basis and without a hearing.  This motion for stay of execution of sentence is governed by 18 U.S.C. § 3143(b).

Status of Representation.  Mr. McCormick has at all times been represented in this Court by counsel.  At trial, James R. Murphy, Esquire, was the appointed attorney.  After the verdict, Mr. McCormick retained new counsel, Troy A. Archie, Esquire and James J. Leonard, Jr., Esquire, who represented defendant at sentencing.  Mr. Archie thereafter filed the Notice of Appeal on October 31, 2008.  The filing of the Notice of Appeal generally divested this Court of jurisdiction other than to correct a sentence pursuant to Rule 35(a), Fed. R. Crim. P., see Rule 4(b)(5), Fed. R. App. P.

Because Mr. McCormick never sought to proceed in this Court pro se before the notice of appeal was filed, this Court continues to regard him as being represented by counsel who filed his appeal, unless or until relieved by the Court of Appeals. Thus, this Court has not had the occasion to question Mr. McCormick as to his waiver of the right to counsel, let alone has

2

the Court been called upon previously to make such a determination that Mr. McCormick has knowingly and voluntarily waived his right to counsel.  Nor has counsel of record endorsed Mr. McCormick's present motion.  Mr. Archie remains listed as defendant/appellant's counsel on appeal.  (See App. No. 08-4441, Docket Sheet.)  Accordingly, this Court will decline to consider Mr. McCormick's uncounselled motion, for a defendant may not appear both through counsel and pro se simultaneously.  This notice of motion will therefore be dismissed.  The motion even if considered upon its merits, also fails to show cause to stay execution of sentence.[1]  Mr. McCormick remains required to report to the designated institution on Jaunary 20, 2009.

The accompanying Order is entered.


January 16, 2009
Date

_Jerome B. Simandle_
JEROME B. SIMANDLE
U.S. District Judge

---

[1] Under 18 U.S.C. § 3143(b), Mr. McCormick's application for stay, considered in light of the entire record in this case, does not show that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a non-custodial sentence, or a reduced sentence of imprisonment. Defendant's arguments that the evidence was insufficient to support the jury's verdict were previously considered and firmly rejected in denying Defendant's Motion for a New Trial on August 6, 2008.  His application today is a rehash of his false exculpatory explanation for the amount and timing of his receipt of the bribe money, which the jury had likewise considered and rejected.  The remainder of his application is an attack upon the tactics of trial counsel, which is unsupported by the trial record, in this Court's view, and which is in any event not an issue for appeal from a conviction.

3